JAMES H. FAULKNER, Retired Justice.
Timothy Wayne White was indicted for the offense of unlawful distribution of a controlled substance, cocaine, in violation of § 13A-12-211, Code of Alabama 1975. The jury found White guilty as charged in the indictment, and he was sentenced to serve 10 years in the state penitentiary. Two issues are raised on appeal.
I
White contends that the trial court committed reversible error in denying his motion for judgment of acquittal based upon the State’s alleged failure to establish a prima facie case of unlawful distribution of a controlled substance.
In cases challenging the sufficiency of the evidence, this court is required to consider the evidence in the light most favorable to the prosecution and will not substitute its judgment for that of the trier of fact. Brandon v. State, 542 So.2d 1316 (Ala.Cr.App.1989). Conflicting evidence, moreover, always presents a question for the trier of fact, and a verdict rendered therein will not be disturbed on appeal. Ogle v. State, 548 So.2d 499 (Ala.Cr.App.1989).
The elements of the offense of unlawful distribution of a controlled substance are set forth in § 13A-12-211, Code of Alabama 1975, as follows:
“(a) A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in schedules I through V.
“(b) Unlawful distribution of controlled substances is a Class B felony.”
The evidence at trial clearly established that White sold Keela Young cocaine. Young testified that she met White in the vicinity of Talladega Creek and that for $100 he sold her a sandwich bag containing what White claimed was a gram of cocaine.
Young further testified that she had known White most of her life, that she had gone to school with him, and that she was certain that it was White who had sold her the cocaine.
In addition, Young testified that she taped the drug transaction, and this tape was admitted into evidence.
Sandra Freeman, a drug analyst with the Alabama Department of Forensic Sciences, testified that she performed an analysis of the substance White sold to Young, and that the test revealed the substance to be cocaine.
On the other hand, White’s wife testified that White had been with her and their child at the time the drug sale took place, and White testified that he had never sold any type of drugs to Young or to anyone else.
It is evident that the jury rejected White’s testimony in favor of the State’s witnesses, and this court may not substitute its judgment for that of the jury. Because the State proved beyond a reasonable doubt each element of the offense of unlawful distribution of a controlled substance, the trial court properly denied White’s motion for judgment of acquittal.
II
White contends that the trial court abused its discretion and committed reversible error by allowing the State to refer to White as a “dope pusher” over repeated objections during closing arguments.
During closing argument, a prosecutor “may argue every legitimate inference from the evidence and may examine, collate, sift, and treat the evidence in his own way.” Williams v. State, 377 So.2d 634, *1118 639 (Ala.Cr.App.), cert. denied, 377 So.2d 639 (Ala.1979).
In Durden v. State, 394 So.2d 967, 972 (Ala.Cr.App.1980), writ quashed, 394 So.2d 977 (Ala.1981), this court stated:
“Appellant failed to make either a motion to strike or a motion for mistrial, and now seeks to argue that the prosecutor’s statement concerning appellant as a supplier or dealer of drugs was so prejudicial as to deny appellant a fair trial. This contention is without merit in that it was a fact obvious to the jury already that appellant was on trial for selling drugs and that the State would be attempting to show this.”
White was charged with distributing cocaine as in Durden, supra. Hence, the prosecutor’s remarks that he was a drug dealer were within the permissible bounds of legitimate inference and thus the trial court properly overruled White’s objections to said remarks.
The forgoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former State Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.